In re Jon Richard **DE LA CRUZ**, Debtor.

**Judith Gail HERNDON, as Guardian ad litem for Miranda Leann Herndon, a minor, Appellants,**

v.

**Jon Richard DE LA CRUZ, Appellee.**

**BAP No. EC–93–1805–RVRo.**

**Bankruptcy No. 92–15934–A–7K.**

**Adv. No. 93–1046.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Submitted on Sept. 22, 1994.

Decided Dec. 22, 1994.

Robert H. Brumfield, III, Bakersfield, CA, for appellants.

Joseph Pluta, Bakersfield, CA, for appellee.

Before RUSSELL, VOLINN and ROSS [1], Bankruptcy Judges.

## OPINION

RUSSELL, Bankruptcy Judge:

A minor and her guardian filed a civil suit in state court alleging that the debtor had had non-consensual sexual intercourse with

---

1. Honorable Herbert A. Ross, Chief Bankruptcy Judge for the District of Alaska, sitting by desig- nation.

the minor. The debtor filed a Chapter 7[2] petition prior to the state court trial. The minor's attorney alleged that he never received the notice of the § 341(a) meeting of creditors, but did receive actual notice of the bankruptcy filing. The debtor received his discharge, including the minor's claim. Soon after, the minor filed a complaint to determine dischargeability of her claim. The debtor moved to dismiss the complaint as being untimely. The bankruptcy court dismissed the complaint. The minor appeals. We AFFIRM.

## I.  FACTS

On June 22, 1990, the appellant, Judith Gail Herndon ("Herndon"), as guardian *ad litem* for Miranda Leann Herndon, brought a personal injury action in state court against the appellee/debtor, Jon Richard De la Cruz ("De la Cruz"). The suit was based on general negligence and intentional tort, and sought punitive damages arising from De la Cruz's alleged non-consensual sexual intercourse with the 12 year old minor Herndon. The state court trial was set for November 9, 1992.

On November 2, 1992, while the state court case was pending, De la Cruz filed his Chapter 7 petition. On that same date, Herndon's attorney was informed in open court about the bankruptcy filing. De la Cruz listed the Herndon claim as an unsecured, nonpriority debt on his schedules. In addition, he listed the address of Herndon's attorney on the schedules as follows:

Judith Herndon, as Gdn.

of Miranda Herndon

c/o David Griffin, Esq.

1800 30th Street

Bakersfield, CA 93301

The bar date for filing complaints to determine dischargeability of debts pursuant to §§ 523(a)(2), (4) and (6), was February 5, 1993. De la Cruz received his discharge on March 1, 1993.

**2.** Unless otherwise indicated, all Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal

On March 15, 1993, Herndon filed her complaint to determine dischargeability of debt under § 523(a)(6). De la Cruz filed a motion to dismiss, claiming that the complaint was time-barred.

At the hearing on De la Cruz's motion to dismiss, counsel for De la Cruz submitted a copy of a November 3, 1992 letter to Herndon's attorney advising him of the bankruptcy filing. That letter provided:

November 3, 1992

David Griffin

Attorney at Law

1800 30th Street

Bakersfield, CA 93301

Re:  DE LA CRUZ, Jon Richard

Kern County Superior Court Case No. 211111

Your Client:  Judith Herndon, etc.

Dear Mr. Griffin:

Enclosed please find a filed-endorsed copy of a Voluntary Petition, Chapter 7, filed with the U.S. Bankruptcy Court in Fresno, CA on November 2, 1992 on behalf of Jon Richard De la Cruz.

All further proceedings in the Superior Court action are stayed.

Yours very truly,

JOSEPH PLUTA

JP:srd

Enclosure

cc:  LeBeau, Thelan, Lampe, et al

Client

Finding that Herndon's attorney received other various notices addressed to the address set forth by De la Cruz in his petition, the bankruptcy court granted De la Cruz's motion to dismiss.

Herndon timely filed her notice of appeal.

## II.  ISSUES

A.  Whether the creditor received written notice of the filing of the debtor's Chapter 7 case.

Rules of Bankruptcy Procedure, Rules 1001–9036.

B. Whether the creditor had actual notice of the filing of the bankruptcy petition when the creditor's counsel received notice of the debtor's Chapter 7 case in state court.

C. Whether the excusable neglect standard applies to dischargeability complaints.

## III. STANDARD OF REVIEW

■ The interpretation of Rule 4007(c) is a question of law reviewed *de novo*. *In re Albert*, 113 B.R. 617 (9th Cir. BAP 1990) (citing *In re Cole*, 93 B.R. 707, 708 (9th Cir. BAP 1988)). The facts surrounding notice of bar dates and the filing of a bankruptcy petition are factual matters reviewed under the clearly erroneous standard. *In re Bucknum*, 951 F.2d 204, 206 (9th Cir.1991).

## IV. DISCUSSION

Bankruptcy Rule 4007(c) provides:

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Fed.R.Bankr.P. 4007(c).

■ The limitation period to file a complaint is strictly construed. Section 523(c) as implemented by Rule 4007(c) places a heavy burden on the creditor to protect its rights. A debt, such as Herndon's claim, is automatically discharged unless the creditor either files a complaint to determine dischargeability or files a motion for extension of time within the 60 day statute of limitations.

■ In the present case, the bar date was set for February 5, 1993. Herndon did not file her complaint to determine dischargeability of debt until March 15, 1993. Since there was no motion for extension of time filed before the bar date, Herndon's complaint must be dismissed as untimely unless Herndon did not receive proper notice under the Bankruptcy Code and Rules.

### A. *Receipt of Mail Presumption*

■ The Supreme Court has held that upon proof that mail is properly addressed, stamped and deposited in an appropriate receptacle, it is presumed to have been received by the addressee in the ordinary course of the mails. *Hagner v. United States*, 285 U.S. 427, 430, 52 S.Ct. 417, 419, 76 L.Ed. 861 (1932). In order to rebut this presumption, something more than a mere declaration of a creditor alleging non-receipt is required. For example, the Ninth Circuit has held that the mailing presumption is rebutted when the notice sent by certified mail was returned unclaimed. *In re Carter*, 511 F.2d 1203 (9th Cir.1975); *See also Bucknum*, 951 F.2d at 207 ("[m]ail that is properly addressed, stamped and deposited into the mail is presumed to be received by the addressee") (quoting *Ricketts*, 80 B.R. 495, 498–99 (9th Cir. BAP 1987) (Jones, J., concurring)); *In re Ricketts*, 80 B.R. at 497 (holding that if denial of receipt alone could rebut presumption that notice was given, then the scheme of deadlines and bar dates under the Bankruptcy Code would come unraveled). *See generally*, Barry Russell, *Bankruptcy Evidence Manual*, § 301.8 (1994–95 ed.).

Herndon argues that Herndon's attorney did not receive written notice of the Chapter 7 case. Herndon alleges that the address listed on Cruz's schedule was incomplete. The address listed was:

Judith Herndon, as Gdn.

of Miranda Herndon

c/o David Griffin, Esq.

1800 30th Street

Bakersfield, CA 93301

Herndon alleges that the correct address for Herndon's attorney should have been:

Judith Gail Herndon, as Guardian ad Litem

for Miranda Leann Herndon, a Minor

c/o David Griffin, Esq.

*Byrum, Holland & Griffin*

1800 30th Street, *Fourth Floor*

Bakersfield, CA 93301–*1920*

■ In the present case, the address was only missing the floor number, law firm name and the last four digits of the zip code. The bankruptcy court correctly concluded that any defect in the address was harmless; Herndon's attorney did receive notice of De la Cruz's discharge on March 5, 1993, which was sent to the same address as the notice of the meeting of creditors. The bankruptcy court held that the presumption was not rebutted when the notice of the meeting of creditors and the notice of discharge were not returned to the sender. In fact, the presumption was strengthened by the fact that Herndon's attorney did receive written notice of the debtor's discharge within 5 days of mailing to the same address as the notice he allegedly claimed he did not receive.

■ The only evidence presented was the declaration of Herndon's attorney. That declaration was only general; stating that he did not receive the notice of the meeting of creditors. This was not sufficient to rebut the mailing presumption.

### B. *Actual Notice*

The Ninth Circuit has held that notice is sufficient when the creditor has actual knowledge of the bankruptcy filing in time to file a complaint under § 523. *In re Gordon*, 988 F.2d 1000, 1001 (9th Cir.1993) (holding 57 days notice before deadline to file a complaint under § 523 was sufficient notice when creditor had actual notice of filing). *Accord In re Walker*, 927 F.2d 1138, 1145 (10th Cir.1991) (holding creditor's actual notice of Chapter 7 case, in ample time to prepare and timely file the necessary request for determination of dischargeability, bars them from challenging the dischargeability of their claim 15 months after bar date); *In re Compton*, 891 F.2d 1180, 1184 (5th Cir.1990) (holding creditor possessed notice of the bankruptcy case at a date early enough for them to act upon their knowledge); *In re Alton*, 837 F.2d 457, 460 (11th Cir.1988) ("The statutory language [of § 523(a)(3)(B) ] clearly contemplates that mere knowledge of

a pending bankruptcy proceeding is sufficient to bar the claim of a creditor who took no action, whether or not that creditor received official notice from the court of various pertinent dates.").

More specifically, the Ninth Circuit has held that where an attorney representing a creditor in state court in connection with the same claim that the creditor belatedly sought to have declared nondischargeable was given actual notice of the bankruptcy case in time to file a complaint under § 523, notice to creditor's counsel constituted notice to the creditor. *In re Price*, 871 F.2d 97, 99 (9th Cir.1989).

In *Price*, an unscheduled creditor in the process of suing the debtor, in part for fraud, was notified prior to trial that the debtor had filed a Chapter 7 petition and that the state court action was subject to the automatic stay pursuant to § 362(a)(1). The creditor's attorney took no action, assuming further notices would be forthcoming from the bankruptcy court. After the bar date passed, the creditor filed a motion to file a late complaint based on excusable neglect. The Ninth Circuit concluded that the creditor had sufficient notice and was thereby prevented from filing the late § 523 complaint.[3] *Id.* at 97.

■ We conclude that Herndon had actual notice of the bankruptcy for almost 90 days before the bar date in order to file a complaint to determine dischargeability of debt. At a minimum, Herndon's attorney should have reviewed the bankruptcy court file, which is a public record. Had he done so, he would have had ample time to file a complaint. *See Price*, 871 F.2d at 99; *Ricketts*, 80 B.R. at 497 (actual knowledge puts creditor on inquiry notice as to the bankruptcy bar dates and deadlines).

■ Herndon also argues that dismissal of the complaint without receipt of adequate notice constituted a deprivation of the Fifth Amendment Due Process Clause. The Supreme Court has stated that due process demands that the required notice be "reason-

---

3. But compare *In re Dewalt*, 961 F.2d 848, 851 (9th Cir.1992) (unscheduled creditor who received notice of bar date 7 days before deadline was not bound by deadline since a minimum of

30 days' notice is required by the rule). Since Herndon had more than 30 days' notice of the filing of the bankruptcy case, she had sufficient notice.

ably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) (citations omitted). There is no deprivation of Due Process since Herndon had actual notice of the Chapter 7 case and had sufficient time to file a complaint to determine dischargeability under § 523(a).

### C. *Excusable Neglect*

Herndon relies on Rule 9006(b)(1) and the recent Supreme Court case of *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. Partnership,* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), for the proposition that excusable neglect for late filing of a nondischargeability complaint is allowed as long as the delay was not caused by the attorney's oversight or busy schedule.

The Supreme Court's decision in *Pioneer* does not apply in this situation. The issue in *Pioneer* was Rule 9006(b)(1) and late filed claims under Rule 3003(c).[4] *Pioneer* interpreted the meaning of excusable neglect under Rule 9006(b)(1), which allows enlargement of time for excusable neglect "[e]xcept as provided in paragraphs (2) and (3) of this subdivision." Since Rule 3003(c) is not referenced in paragraphs (2) or (3), enlargement is subject to excusable neglect.

In our case however, Rule 4007(c) is provided for in paragraph 3 which provides, "[t]he court may enlarge the time for taking action under Rule[ ] ... 4007(c) ... only to the extent and under the conditions stated in [that] rule[ ]." Rule 4007(c) provides in turn that any motion for extension of time "shall be made before the time has expired." *See In re Hill,* 811 F.2d 484, 487 (9th Cir.1987); *In re Santos,* 112 B.R. 1001, 1008 (9th Cir. BAP 1990); *In re Burke,* 95 B.R. 716, 718 n. 1 (9th Cir. BAP 1989).

Because the Supreme Court allowed a late filed claim in *Pioneer,* Herndon has tried to revive *In re Magouirk,* 693 F.2d 948 (9th Cir.1982). The court in *Magouirk* held that "excusable neglect" should be liberally construed to relieve a party from a final judgment that foreclosed a claim and ultimately causes undue prejudice. *Id.* at 951.

The BAP has previously held that *Magouirk* is inapplicable because it was decided under the former bankruptcy rules where there was no deadline for filing motions for enlargement of time as under Rule 4007(c) and there was no express limitation on enlargement of time as found in Rule 9006(b)(3). *In re Rhodes,* 61 B.R. 626, 629–30 (9th Cir. BAP 1986); *See also In re Hill,* 811 F.2d 484, 485–87 (9th Cir.1987).

In *Pioneer,* the Supreme Court noted:

Subsections (b)(2) and (b)(3) of Rule 9006 enumerate those time requirements *excluded* from the operation of the "excusable neglect" standard. One of the time requirements listed as *excepted* in Rule 9006(b)(3) is that governing the filing of proofs of claim in Chapter 7 cases. Such filings are governed exclusively by Rule 3002(c). By contrast, Rule 9006(b) does not make a similar exception for Rule 3003(c), which, as noted earlier, establishes the time requirements for proofs of claim in Chapter 11 cases.

---

4. Rule 9006(b) provides for enlargement of time. More specifically, it states:

(1) *In General.*
Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.
(2) *Enlargement Not Permitted.*
The court may not enlarge the time for taking action under Rules 1007(d), 1017(b)(3), 2003(a) and (d), 7052, 9023, and 9024.
(3) *Enlargement Limited.*
The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules.
Fed.R.Bankr.P. 9006(b)(1), (2) and (3).

*Pioneer,* —— U.S. at ——, n. 4, 113 S.Ct. at 1495 n. 4 (citations omitted) (emphasis added).

It is clear from a reading of footnote 4 in *Pioneer,* that those rules, such as Rule 4007(c), which have built-in time limitations are not subject to being extended by "excusable neglect." We therefore hold that excusable neglect under Rule 9006(b)(1) does not apply to Rule 4007(c) except as provided in Rule 4007(c) itself.

## V. CONCLUSION

The complaint to determine dischargeability of Herndon's claim was untimely filed. Therefore, dismissal of the complaint was mandatory under Rule 4007(c). The requirements of Due Process were satisfied when the presumption of receipt of mail sent was not rebutted and Herndon's attorney received actual notice of the bankruptcy filing. Since excusable neglect does not apply to Rule 4007(c), the untimeliness cannot be excused. Accordingly, we AFFIRM.