In re Angela WILLIAMS, Debtor.

**CUNA MUTUAL INSURANCE GROUP, Appellant,**

v.

**Angela WILLIAMS, Appellee.**

**BAP No. CC–95–1089–VOH. Bankruptcy No. SB 94–14012. Adv. No. SB 94–2681.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted June 21, 1995.

Decided Aug. 8, 1995.

Gary A. Rosenberg, Woodland Hills, CA, for appellant.

Stephen R. Wade, Ontario, CA, for appellee Alan R. Solot.

**2.** No inferences should be drawn that absent *Amiri,* the Panel would or would not have decided this issue differently.

Before VOLINN, OLLASON and HAGAN, Bankruptcy Judges.

## OPINION

VOLINN, Bankruptcy Judge:

### OVERVIEW

Creditor filed a nondischargeability complaint nearly three months after the deadline for filing. On debtor's motion to dismiss for untimely filing, creditor alleged it never received actual notice of the bankruptcy filing or the attendant deadline for filing nondischargeability complaints. The bankruptcy court determined that the clerk's certificate of mailing the notice of commencement of the case created a rebuttable presumption of receipt and that creditor's evidence to the contrary was insufficient to overcome the presumption. Creditor appeals dismissal of its complaint. We AFFIRM.

### FACTS AND PROCEEDINGS BELOW

Appellant and creditor in this chapter 7 bankruptcy is CUNA Mutual Insurance group. Debtor Angela Williams is alleged to have stolen some $500,000 to $1,000,000 from her employer, appellant's insured. Having paid its insured, appellant became subrogated to its claim against Williams and commenced a suit against her in state court in January 1994.

Williams filed her chapter 7 bankruptcy on March 22, 1994. She named appellant as a creditor and provided the name and address of its state court counsel as the creditor's address on the master mailing matrix. The clerk of the bankruptcy court mailed the notice of commencement of the case to all creditors listed on the mailing matrix, including appellant, and signed a certificate of mailing to that effect. The case commencement notice stated that the deadline for filing dischargeability complaints was June 27, 1994. Appellant contends that it never received this notice.

In August 1994, the clerk of the bankruptcy court mailed a notice of discharge to the creditors on the mailing matrix. Appellant admits that on August 22, 1994, it received this notice. After receipt, it filed a complaint to determine the dischargeability of its debt.

The summons was issued on September 14, 1994, almost three months past the deadline.

Williams moved to dismiss the proceeding based on the untimely filing of the complaint. Appellant defended its late filing on lack of actual or constructive notice of the deadline. The factual issue centered on whether appellant received the clerk's notice of commencement of case.

In support of its allegation of non-receipt, appellant submitted the declarations of Alice Ruiz, secretary to attorney Edward Sherman, and of Edward Sherman, the attorney handling CUNA's state court case against the debtor. In their declarations, they denied receipt of the notice of commencement of case and alleged they had no other actual or constructive notice of the bankruptcy case.

After hearing argument on November 2, 1994, the bankruptcy court determined that the clerk's certificate of mailing created a rebuttable presumption that the notice was received and that appellant's evidence to the contrary was insufficient to rebut the presumption. Accordingly, it dismissed the complaint. This appeal followed.

### STANDARD OF REVIEW

■ Findings of fact regarding receipt of notice are reviewed for clear error. Fed. R.Bankr.P. 8013; *In re Bucknum,* 951 F.2d 204, 206 (9th Cir.1991); *In re De la Cruz,* 176 B.R. 19, 22 (9th Cir. BAP 1994).

### ISSUE PRESENTED

Whether the court committed reversible error by finding that appellant received the notice of commencement of case on the evidence submitted.

### DISCUSSION

■ Proof of mailing creates a rebuttable presumption of its receipt. *In re Bucknum,* 951 F.2d at 206–207; *In re De la Cruz,* 176 B.R. at 22; *In re Ricketts,* 80 B.R. 495, 497 (9th Cir. BAP 1987). This rule is a key support of the bankruptcy system's notice by mail. "If a party were permitted to defeat the presumption of receipt of notice resulting from the certificate of mailing by a simple affidavit to the contrary, the scheme of deadlines and bar dates under the Bankruptcy

Code would come unraveled." *Ricketts* at 497.

◾ Appellant contends its evidence consists of more than a simple declaration of non-receipt, and therefore, it overcomes the presumption. Appellant's evidence consists of two declarations. The declaration of Angela Ruiz, a senior legal secretary, states that the office mail is picked up by a receptionist or a secretary and then routinely sorted and routed to secretaries such as herself, working directly under attorneys. The declaration states that Ruiz is trained to recognize notices and bring them to the attention of her attorney. She declared she "had no recollection" of receiving notice of Williams' bankruptcy. The declaration of Edward Sherman, the attorney handling the state court suit, states he "did not receive" notice. Additionally, both declarations allege and describe the law firm's standard business practice of tracking its receipt and distribution of mail and state that no evidence of receipt was found. This evidence is presented to create an inference that the notice was not received by the firm.

However, the evidence submitted as indicated establishes that either an unidentified receptionist or secretaries received the mail as it first arrived at the firm and distributed it to Ruiz. Thus, no evidence directly contradicts the presumption that the notice did reach the office. This is sufficient to affirm the trial court finding without reaching the issue of whether a declaration of non-receipt coupled with evidence of business practices for tracking receipt of mail can or should rebut the presumption.

◾ The law in this circuit is that denial of receipt does not rebut the presumption. *In re Bucknum,* 951 F.2d at 207; *In re De la Cruz,* 176 B.R. at 22; *In re Ricketts,* 80 B.R. at 497. "Where the bankruptcy court record shows a certificate of mailing and a complaining party submits an affidavit declaring notice was not received, the weight of the evidence favors the court's certificate". *Ricketts* at 497. As this statement from *Ricketts* implies, a statement of non-receipt is not a nullity, but does address the presumption, which then is weighed against the declaration of non-receipt together with any other evidence submitted.

◾ Appellant has attempted to provide something more than a bare declaration of non-receipt by submitting evidence of its business routine regarding receipt of mail. However, this statement is a variant of the statement of non-receipt, and does not require a conclusion that the presumption has been overcome. The concurrence in *Ricketts* pointed out that more positive evidence was in order, suggesting as an example, "testimony of a clerk's office employee that notice was not sent or proof that none of the listed creditors received notice." *Ricketts* at 498–99. This standard has been approved by the circuit. *Bucknum,* 951 F.2d at 207. There are other kinds of evidence, such as proof that the mail was returned unclaimed. *De la Cruz,* 176 B.R. at 22 (citing *In re Carter,* 511 F.2d 1203 (9th Cir.1975). The foregoing cases illustrate the requirement that evidence of an objective nature going beyond the claimant's statement of non-receipt is necessary.

Appellant relies on two cases from other jurisdictions. *In re Yoder Co.,* 758 F.2d 1114 (6th Cir.1985); *In re Dodd,* 82 B.R. 924 (N.D.Ill.1987). *Yoder* reasons that because "[t]estimony of non-receipt, standing alone, would be sufficient to support a finding of non-receipt; such testimony is therefore sufficient to rebut the presumption of receipt." 758 F.2d at 1118. *Dodd* concluded that a declaration of non-receipt coupled with evidence of standardized procedures for processing claims would rebut the presumption of receipt. 82 B.R. at 929. As indicated, this rule is contrary to the law of our circuit.

## CONCLUSION

The court made a finding of fact that appellant received the requisite notice from the clerk. This finding is not clearly erroneous. Although no other notice was given, none was required. Appellant has lost valuable rights, but it was required to file its complaint within time provided. Dismissal was appropriate.

The order on appeal is AFFIRMED.