**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

In re:                                  )      BAP No. CC-17-1176-KuSA
                                        )
JONATHAN D. COLE,                       )      Bk. No. 2:16-bk-15126-VR
                                        )
                Debtor.                 )
_____         )
                                        )
JONATHAN D. COLE,                       )
                                        )
                Appellant,              )
                                        )
v.                                      )      **M E M O R A N D U M**[*]
                                        )
COHEN & BORDEAUX, LLP,                  )
                                        )
                Appellee.               )
_____         )

Argued and Submitted on November 30, 2017
at Pasadena, California

Filed - December 4, 2017

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Vincent P. Zurzolo, Bankruptcy Judge, Presiding
_____

Appearances:     Jonathan D. Cole argued pro se.
_____

Before:  KURTZ, SPRAKER, and ALSTON,[**] Bankruptcy Judges.

_____

     [*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

     [**] Hon. Christopher M. Alston, United States Bankruptcy Judge for the Western District of Washington, sitting by designation.

-1-

Chapter 13[1] debtor, Jonathan Cole, appeals from the bankruptcy court's order granting the fee application of his attorney, Clifford Bordeaux,[2] in the amount of $3,300. Cole complains on appeal that he was denied the opportunity for a hearing on the merits and that Bordeaux failed to fulfill his responsibilities as set forth in an agreement signed by the parties and filed in the bankruptcy court. We discern no error and AFFIRM.

## I. FACTS[3]

The Central District of California bankruptcy court authorizes the use of a court-approved "Rights and Responsibilities Agreement Between Chapter 13 Debtors and Their Attorneys" ("RARA") (form F. 3015-1.7.RARA). Use of the RARA is optional. The RARA specifies the fees that the attorney will charge for services and the procedures for seeking and objecting to payment of fees. If the fees charged do not exceed specified maximums ($6,000 in a case in which the debtor is engaged in a business; $5,000 in all other cases), such fees may be approved by the court without the need for the attorney to file any further fee application or to hold any hearing. Local Bankruptcy Rules ("LBR") 3015-1(v)(1)-(2). These are customarily referred to as "no look" or "presumptive" fees.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2] Mr. Bordeaux has not participated in this appeal.

[3] To the extent necessary, we take judicial notice of various pleadings docketed in the underlying bankruptcy case. Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

In April 2016, Cole filed his chapter 13 petition with the assistance of Bordeaux. The RARA, signed by Cole and Bordeaux, showed that Bordeaux charged Cole $4,000 for certain services. For various reasons, Cole's chapter 13 plan was not confirmed and the bankruptcy court dismissed his case in early March 2017.

Bordeaux initially sought the balance of his fees, $3,300, under the RARA without providing an itemization of his services. The chapter 13 trustee objected, arguing that the "no look" RARA fee could only be paid when there was a confirmed plan. Therefore, Bordeaux was required to submit an itemization of his services and seek approval of his fees from the bankruptcy court.

Cole also objected to the fee request, contending that Bordeaux agreed to perform certain services related to his petition, including: "Personally counsel the [D]ebtor regarding the advisability of filing either a chapter 13 or a chapter 7 case, discuss both procedures with the Debtor and answer the Debtor's questions." Cole asserted that Bordeaux failed to fulfill his responsibilities set forth in the RARA.

On April 3, 2017, the bankruptcy court entered an order denying the fee application. On the same date, Bordeaux filed a second application which included an itemization of his services (Second Application). Cole was served with the Second Application and the Notice of Hearing, scheduled for May 8, 2017 (Notice), at his address on Franklin Avenue, Los Angeles, California.

Cole did not file an opposition to the Second Application, but appeared at the May 8, 2017 hearing. The bankruptcy court

explained to Cole:

> Mr. Cole, let me explain, before you start speaking, that the way things work in -- at least in this court, there are notices given; parties have an opportunity to file responses. If there [are] [sic] no responses submitted by a date certain, I review the papers, I look at it independently. And when I review it and determine that, there is cause to grant the relief sought therein. Then I cause a tentative ruling to be posted, saying that the application or the motion is granted. That's what happened in this instance. Okay?

The court informed Cole that it was not going to reopen the hearing and the proceedings concluded.

Three days later, Cole filed an opposition to Bordeaux's Second Application and requested a hearing. In his amended declaration attached to the opposition, Cole declared that he did not receive Bordeaux's Second Application and therefore did not know that any opposition or request for a hearing needed to be filed. Cole further declared that had he received the additional documentation from Bordeaux, he would have filed an opposition and request for a hearing. Cole requested the bankruptcy court to grant him a hearing and permit oral argument on the substantive points raised in his objection to the application. No ruling was issued in connection with Cole's request.

Thereafter, Bordeaux filed a notice of lodgment of the order granting his fees which was served on Cole at his Franklin Avenue address on May 15, 2017. Ten days later the bankruptcy court entered the order granting Bordeaux's fees in the amount of $3,300. Cole timely appealed from that order.

## II. JURISDICTION

The bankruptcy court had jurisdiction over this proceeding

-4-

under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

### III. ISSUE

Whether the bankruptcy court's proceedings in connection with its approval of Bordeaux's Second Application denied Cole procedural due process.

### IV. STANDARDS OF REVIEW

We review de novo whether a bankruptcy court's proceedings violated a party's right to procedural due process. Price v. Lehtinen (In re Lehtinen), 564 F.3d 1052, 1058 (9th Cir. 2009); see also HSBC Bank USA, Nat'l Ass'n v. Blendheim (In re Blendheim), 803 F.3d 477, 497 (9th Cir. 2015) ("Whether adequate notice has been given for the purposes of due process is a mixed question of law and fact that we review de novo.").

"De novo review requires that we consider a matter anew, as if no decision had been made previously." Francis v. Wallace (In re Francis), 505 B.R. 914, 917 (9th Cir. BAP 2014).

A bankruptcy court's decision not to reopen or supplement the record is reviewed for an abuse of discretion. See Weiner v. Perry, Settles & Lawson (In re Weiner), 161 F.3d 1216, 1217 (9th Cir. 1998).

### V. DISCUSSION

Because Cole proceeds pro se, we construe his brief liberally. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). Liberally construed, Cole's assertions that he did not receive notice of the Second Application and was denied the opportunity for a hearing on the merits can be read to state a procedural due process claim.

-5-

The record reflects that Cole received the due process to which he was entitled. He received notice of the Second Application and the notice of hearing on that application. A certificate of mailing stating that the Second Application was mailed to Cole at his Franklin Avenue address raises the presumption that notice of the Second Application was mailed and properly received. Cole's declaration of non-receipt is insufficient by itself to overcome the presumption of receipt created by the mailbox rule. Moody v. Bucknum (In re Bucknum), 951 F.2d 204, 206-07 (9th Cir. 1991); CUNA Mut. Ins. Grp. v. Williams (In re Williams), 185 B.R. 598, 599 (9th Cir. BAP 1995).

Having received notice, Cole was required to file a timely opposition to the fee application which he did not do. Therefore, the bankruptcy court was entitled to deem the lack of opposition as consent to the granting of the motion. See LBR 9013-1(h) ("If a party does not timely file and serve documents, the court may deem this to be consent to the granting or denial of the motion, as the case may be."). Accordingly, the court did not abuse its discretion by deciding not to reopen the hearing or the record.

Further, the bankruptcy court stated at the hearing that it had conducted an independent review of Bordeaux's fee application. Other than generalized and conclusory statements regarding Cole's dissatisfaction with Bordeaux's services, Cole fails to specify how the bankruptcy court erred or abused its discretion by awarding Bordeaux the balance of his fees. We do not address matters not specifically and distinctly raised and

argued in the opening brief.  See Padgett v. Wright, 587 F.3d 983, 985 n.2 (9th Cir. 2009).  In sum, we discern no basis for reversal.

**VI.   CONCLUSION**

For the reasons stated, we AFFIRM.