**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   CC-14-1444-KuPeTa |
| NABILSI YUNES ABUD,<br>aka Yunes Adub Nabilsi,[*] | Bk. No.   08-25451 |
| Debtor. | Adv. No.   13-01383 |
| RAM SAXENA, | |
| Appellant, | |
| v. | **MEMORANDUM**[**] |
| NABILSI YUNES ABUD,<br>aka Yunes Adub Nabilsi, | |
| Appellee. | |

Submitted Without Oral Argument
on July 23, 2015[***]

Filed – September 3, 2015

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Deborah J. Saltzman, Bankruptcy Judge, Presiding

---

[*]It appears the debtor's name is "Yunes Abud Nabilsi" and not "Nabilsi Yunes Abud" as listed on the BAP and Bankruptcy Court dockets.  We refer to the Debtor as "Yunes Abud Nabilsi" herein.

[**]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

[***]On March 30, 2015, this Panel issued an order finding this appeal suitable for submission without oral argument.

Appearances:   Appellant Ram Saxena, pro se, on brief.****

Before: KURTZ, PERRIS***** and TAYLOR, Bankruptcy Judges.

**INTRODUCTION**

Ram Saxena, M.D. filed a nondischargeability complaint under 11 U.S.C. § 523(a)(2)(A)[1] against debtor Yunes Abud Nabilsi. After an evidentiary hearing, the bankruptcy court dismissed Saxena's adversary proceeding.  Saxena filed an appeal from the bankruptcy court's dismissal order, but this Panel dismissed that appeal as untimely.

Shortly thereafter, Saxena filed in the bankruptcy court a motion seeking relief from the bankruptcy court's adversary proceeding dismissal order.  The bankruptcy court treated Saxena's motion as a request for relief under Civil Rule 60(b) and denied the motion because Saxena had not demonstrated any appropriate grounds for relief.  We agree with the bankruptcy court, so we AFFIRM.

**FACTS**

This is not Saxena's first experience with the Panel.  In 2009 and 2010, he successfully appealed the bankruptcy court's

----

****Appellee Yunes Abud Nabilsi has not actively participated in this appeal.

*****Hon. Elizabeth L. Perris, United States Bankruptcy Judge for the District of Oregon, sitting by designation.

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.  All "Civil Rule" references are to the Federal Rules of Civil Procedure.

order dismissing his involuntary petition against Nabilsi. On remand, the bankruptcy court entered a chapter 7 order for relief against Nabilsi in accordance with the Panel's mandate.

On May 9, 2012, after entering the order for relief, the bankruptcy court issued its notice of first meeting of creditors pursuant to § 341. Among other things, that notice advised parties in interest of the August 20, 2012 deadline for filing nondischargeability complaints.[2] The certificate of service for the § 341 meeting notice indicates that Saxena was served at the same address that he is still using in his current appeal filings – 446 W. Spruce St., Compton, CA 90220.

Notwithstanding the August 20, 2012 deadline, Saxena did not file his nondischargeability complaint until March 22, 2013. Nabilsi filed an answer and a motion to dismiss. In both, Nabilsi asserted that Saxena's complaint was untimely under § 523(c) and Rule 4007(c). Saxena opposed the dismissal motion, and the bankruptcy court held an evidentiary hearing after which it entered an order granting Nabilsi's dismissal motion. Saxena filed an appeal from the adversary proceeding dismissal order, but the appeal also was untimely. As a result, this Panel dismissed the appeal for lack of jurisdiction.

Upon receipt of our appeal dismissal order, Saxena filed in the bankruptcy court his motion seeking relief from the

---

[2]We have exercised our discretion to review the bankruptcy court's case and adversary proceeding dockets and the imaged documents included therein. Francis v. Wallace (In re Francis), 505 B.R. 914, 916 n.3 (9th Cir. BAP 2014)(citing O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957–58 (9th Cir. 1989)).

3

bankruptcy court's adversary proceeding dismissal order. Saxena, who filed the motion in pro per, did not state any legal grounds in support of the motion. Instead, he provided a rambling narrative, which he claimed justified relief from the adversary proceeding dismissal order. Nabilsi did not file any written opposition to the motion.

The bankruptcy court held a hearing on the motion, at which Saxena appeared and argued. According to the court, the motion could be treated either as an untimely motion under Rule 9023 (making Civil Rule 59 applicable in bankruptcy cases and adversary proceedings) or as a timely motion under Rule 9024 (making Civil Rule 60 applicable in bankruptcy cases and adversary proceedings). The court opted to treat the motion as a timely request for relief under Rule 9024 and Civil Rule 60(b). The court ruled that Saxena had not demonstrated cause for relief under any of the six grounds for relief enumerated in Civil Rule 60(b). Based on that ruling, the bankruptcy court entered its order denying the motion, and Saxena timely appealed from that order.

### JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

### ISSUE

Did the bankruptcy court err when it denied Saxena's motion?

### STANDARD OF REVIEW

We review the bankruptcy court's ruling on a motion for relief under Civil Rule 60(b) for an abuse of discretion. United

4

States v. Estate of Stonehill, 660 F.3d 415, 443 (9th Cir. 2011); Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.), 503 F.3d 933, 939 (9th Cir. 2007). The bankruptcy court does not abuse its discretion unless it applies an incorrect legal rule or it makes findings of fact that are illogical, implausible or without support in the record. United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

**DISCUSSION**

Rule 9024 makes Civil Rule 60(b) applicable in adversary proceedings. In turn, Civil Rule 60(b) identifies several grounds for relief from final judgments and orders. The rule provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

Here, the bankruptcy court ruled that Saxena had not established any of the grounds for relief under Civil Rule 60(b). On this record, we cannot say that the bankruptcy court's ruling

5

was clearly erroneous; instead, it was logical, plausible and supported by the record. See Hinkson, 585 F.3d at 1262.

On appeal, Saxena argues that he and his attorney Raj D. Roy did not know "when & where . . . case is happening." But Saxena's disclaimer of knowledge of the trial date in his appeal brief is not evidence. What evidence there is in the record indicates to the contrary – that Saxena and his counsel knew the date set for trial in the adversary proceeding. Indeed, Roy filed in the adversary proceeding a number of papers listing the trial date on the caption page.[3]

Saxena also claims that Roy received a bribe from Nabilsi. Again, Saxena offered no competent evidence in support of his bribery claim. Moreover, Saxena did not present any evidence tying either assertion to the reason his adversary proceeding was dismissed. The record indicates that the dismissal was based on the untimeliness of the nondischargeability complaint, and nothing in the record establishes that any additional knowledge regarding the trial date or the absence of the alleged bribery would have resulted in a different outcome. The complaint still would have been untimely. In fact, the record suggests that Saxena did not even retain Roy to file the nondischargeability

[3]It also is worth noting that the bankruptcy court issued a tentative ruling on the motion for relief in which the court stated that both Saxena and Roy appeared in the bankruptcy court at the trial. While we could find nothing in the record corroborating this statement, it was incumbent on Saxena to point to evidence in the record to the contrary if he disagreed with the court on this issue. For instance, Saxena could have ordered the transcript from the April 14, 2014 trial if he wanted to establish who attended and what was said, but Saxena apparently did not order the transcript.

complaint until after the deadline for filing the complaint had already passed. As of February 15, 2013, Saxena was still filing papers in the bankruptcy court on his own behalf, without the assistance of counsel. See Motion to Reopen Closed Case (Feb. 15, 2013), Bk. Dkt. No. 08-25451, Doc. No. 45.

Pursuant to Rule 4007(c), a nondischargeability complaint filed under § 523(c) must be filed within sixty days of the date set for the § 341(a) first meeting of creditors. While Rule 9006(b) generally permits bankruptcy courts to enlarge many deadlines, Rule 9006(b)(3) permits the courts to enlarge the time for filing nondischargeability complaints "only to the extent and under the conditions stated" in Rule 4007(c). In turn, Rule 4007(c) mandates that any motion to extend the deadline to file a § 523(c) complaint must be filed before the complaint filing deadline expires. We have enforced the strict terms of Rule 4007(c) numerous times. See, e.g., Shull v. Wells (In re Wells), 2010 WL 6259961, at *3 (Mem. Dec.) (9th Cir. BAP Dec. 2, 2010)(citing cases); Johnson v. Safarian (In re Safarian), 2010 WL 6259763, at *5 (Mem. Dec.) (9th Cir. BAP Apr. 13, 2010) (same).

Simply put, the bankruptcy court correctly dismissed Saxena's nondischargeability complaint as untimely filed. Saxena did not timely request an extension of the filing deadline under Rule 4007(c), and Saxena's factual assertions regarding his alleged lack of knowledge of the trial date and the alleged bribery of his attorney Roy do not alter the fact that his complaint was untimely filed.

Saxena also has not explained how his alleged lack of

7

knowledge of the trial date or the alleged bribery of Roy in any way established his entitlement to Civil Rule 60(b)(1) relief. To the contrary, as a matter of law, the conduct of his counsel (whether negligent or intentional) would not have permitted the bankruptcy court to grant under § 60(b)(1) an extension of time to file the nondischargeability complaint absent a timely-filed motion seeking the extension. Herndon v. De La Cruz (In re De La Cruz), 176 B.R. 19, 24-25 (9th Cir. BAP 1994); Schunck v. Santos (In re Santos), 112 B.R. 1001, 1008 (9th Cir. BAP 1990); see also Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1101 (9th Cir. 2006) ("For purposes of [Civil Rule 60(b)(1)], parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel. This includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct.").

All of the other Civil Rule 60(b) grounds for relief also are inapplicable. Relief under Civil Rule 60(b)(2) – relief based on newly discovered evidence – requires: (1) newly discovered evidence, (2) due diligence, and (3) evidence significant enough that its discovery earlier likely would have altered the outcome of the litigation. Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003). Saxena did not present evidence establishing any of these facts.

Relief under Civil Rule 60(b)(3) – relief based on fraud on the court – requires proof by clear and convincing evidence: (1) that the court's ruling was obtained by fraud, misrepresentation or other misconduct, and (2) that the misconduct prevented the movant from fully and fairly presenting

8

his or her case. Casey v. Albertson's Inc, 362 F.3d 1254, 1260 (9th Cir. 2004). Saxena did not present evidence establishing any of these facts.

Relief under Civil Rule 60(b)(4) – relief from a void judgment – requires either a fundamental and egregious jurisdictional error or the absence of due process. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270-71 (2010). Saxena did not present evidence or law meeting either of these criteria.

Relief under Civil Rule 60(b)(5) – relief based on changed circumstances – requires either satisfaction of the judgment, release of the judgment, discharge of the judgment, reversal of the judgment or a subsequent change in circumstances rendering it inequitable to enforce the judgment prospectively. Flores v. Huppenthal, 789 F.3d 994, 1001 (9th Cir. 2015). Saxena did not present evidence establishing any of these facts.

Finally, relief under Civil Rule 60(b)(6) – relief based on other grounds – requires extraordinary circumstances: (1) beyond the movant's control, (2) which prevented the movant from taking timely action, and (3) which must be rectified to prevent or correct an erroneous judgment. In re Int'l Fibercom, Inc., 503 F.3d at 941. Saxena did not present evidence or law meeting any of these criteria.

Saxena's other contentions on appeal suffer from the same fatal infirmities. He claims that Nabilsi is a criminal, has committed fraud, has not paid his taxes, and attempted to kill him (Saxena). He also vaguely claims some sort of misconduct by the bankruptcy court and the chapter 7 trustee. Even if Saxena

9

had supported any or all of these contentions with competent evidence (which he did not), Saxena has not linked any of them to the untimeliness of his nondischargeability complaint or to his asserted entitlement to Civil Rule 60(b) relief.  Consequently, we reject all of these contentions.

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's order denying Saxena's motion for relief from the bankruptcy court's adversary proceeding dismissal order.