

FILED

APR 23 2025

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>BRIAN D. WITZER,<br>     Debtor. | BAP Nos. CC-24-1084-GLS;<br>     CC-24-1093-GLS<br>     (Related Appeals) |
| LORI HOEFT,<br>     Appellant, | Bk. No. 2:23-bk-14528-NB<br><br>Adv. No. 2:23-ap-01446-NB |
| v.<br>BRIAN D. WITZER,<br><br>     Appellee. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Neil W. Bason, Bankruptcy Judge, Presiding

Before: GAN, LAFFERTY, and SPRAKER, Bankruptcy Judges.

### INTRODUCTION

In these related appeals, appellant Lori Hoeft seeks reversal of the

bankruptcy court's orders denying her motion to vacate the dismissal of

her adversary complaint and denying her motion for reconsideration. Ms.

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Hoeft filed a complaint under § 523(a)(2), (4), and (6) against chapter 7[1] debtor Brian Witzer ("Debtor"), her former lawyer in a personal injury action. After Debtor filed a motion to dismiss for lack of service, the court set a hearing on whether to extend the time for service under Civil Rule 4(m), made applicable by Rule 7004. Although Ms. Hoeft did not appear at the hearing, the court entered an order allowing her to obtain and serve a new summons, and it set a new deadline for service. But Ms. Hoeft failed to obtain and serve the new summons or attend the continued hearing, and the bankruptcy court dismissed her complaint for failure to prosecute.

Ms. Hoeft filed a motion to vacate the dismissal order, but she did not offer a plausible explanation why she did not comply with the court's order, and she did not demonstrate excusable neglect. The court denied her motion to vacate and subsequently denied her motion for reconsideration. The bankruptcy court did not abuse its discretion. We AFFIRM.

## FACTS[2]

### A.     Prepetition events

In July 2017, Debtor's law firm, the Law Offices of Brian D. Witzer, Inc., filed a personal injury action on behalf of Ms. Hoeft. Nearly four years

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] We exercise our discretion to take judicial notice of documents electronically filed in the adversary proceeding and main bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

into the case, Debtor's firm filed a chapter 11 petition, which was subsequently converted to chapter 7 in December 2022. At approximately the same time, and shortly before trial in Ms. Hoeft's personal injury case, Debtor and his firm ceased to represent Ms. Hoeft. She obtained new counsel and a continuance of the trial. Nearly a year later, she settled the case for approximately $700,000.

## B.    The bankruptcy case and adversary proceeding

Debtor filed his own chapter 7 petition in July 2023. Ms. Hoeft filed an adversary complaint against Debtor and his firm,[3] asserting breach of contract, professional negligence, fraud, and other claims based on Debtor's representation of her in the personal injury case. Essentially, she claimed that Debtor's acts and omissions put her in a position to pay far too many expenses and accept a settlement offer that was far too low. She sought a nondischargeable judgment against Debtor pursuant to § 523(a)(2), (4), and (6).

Ms. Hoeft did not serve the summons and complaint on Debtor within seven days, as required by Civil Rule 4. After more than 90 days passed, Debtor filed a motion to dismiss the complaint for insufficiency of service pursuant to Civil Rule 12(b)(5), made applicable by Rule 7012.

The bankruptcy court denied Debtor's application for an expedited hearing on the motion to dismiss, and it issued an order staying further

---

[3] The chapter 7 trustee for the estate of the law firm filed a motion to dismiss the complaint against the firm, which the court granted on February 6, 2024.

proceedings on the motion. The court set a status hearing for February 20, 2024, and directed the parties to address whether the court should grant additional time for Ms. Hoeft to obtain a new summons and serve Debtor pursuant to Civil Rule 4(m). Ms. Hoeft did not appear at the status hearing, including by telephone or video, which was available at no cost, and she neither filed a motion for a continuance nor sought to excuse her appearance. Regardless of her failure to appear, the bankruptcy court issued an order on February 22, 2024 (the "Service Order"), requiring Ms. Hoeft to obtain a new summons by March 5, 2024, and file a proof of service of her original complaint and the newly issued summons. The court continued the status hearing to April 9, 2024.

Ms. Hoeft did not obtain a new summons, and she did not appear at the continued hearing. On April 15, 2024, the bankruptcy court dismissed the adversary complaint for lack of prosecution.

## C.    Ms. Hoeft's Motion to Vacate and motion for reconsideration

A week later, Ms. Hoeft filed a motion to vacate the dismissal order ("Motion to Vacate"). According to Ms. Hoeft, she first learned of the need to serve Debtor at the hearing on the law firm's motion to dismiss, held on February 6, 2024. She stated that, based on advice from her friend and experienced paralegal, Judy Lynn Shields, she served the initial summons

4

which included incorrect dates.[4] Ms. Hoeft asserted that she mistakenly believed her appearance at the February 20, 2024 hearing was not required.

The bankruptcy court issued an order setting a hearing on the Motion to Vacate. In its order, the court explained that Ms. Hoeft had not addressed why she took no action in response to the Service Order, and it set a deadline of May 7, 2024, for her to file an additional response with appropriate evidence explaining why she did not comply with the Service Order.

Ms. Hoeft filed a supplemental declaration and a supplemental response in support of the Motion to Vacate. According to Ms. Hoeft, she was informed by Ms. Shields that she did not need to attend the February 20, 2024 hearing and, because of her prior head injuries and disability, she mistakenly thought the court had instructed her not to appear until April 30, 2024. But again, Ms. Hoeft did not explain why she failed to obtain and serve the new summons as required by the Service Order.

Debtor opposed the motion. He argued that Ms. Hoeft was a seasoned litigant, assisted by an experienced paralegal, and she had no adequate excuse for not attending multiple court hearings, not providing status reports, not obtaining a new summons as ordered by the court, and

---

[4] Ms. Hoeft filed proof of service of the complaint and initial summons on February 9, 2024, which indicated Debtor was served on February 8, 2024, nearly two weeks before the court issued the Service Order instructing Ms. Hoeft to obtain and serve a new summons. Her belief that service was sufficient does not explain why she ignored the subsequent court order instructing her to obtain a new summons.

never serving Debtor as required by the Civil Rules and the Service Order. Ms. Hoeft filed an unauthorized reply and declaration,[5] in which she reiterated that her failure to attend the February 20, 2024 and April 9, 2024 hearings were caused by an honest mistake, and she stated for the first time that she did not receive the court's orders, including the Service Order.

At the hearing, the bankruptcy court questioned what Ms. Hoeft meant when she said she never received the order setting the February 20, 2024 hearing or the Service Order. After the court explained that she was served with both orders by mail and email, Ms. Hoeft suggested that her injuries prevented her from realizing the importance of the court orders.

The bankruptcy court evaluated the Motion to Vacate under Civil Rules 59(e) and 60(b), made applicable by Rules 9023 and 9024.[6] The court ultimately concluded that Ms. Hoeft did not show manifest injustice or excusable neglect because she offered no plausible excuse why she ignored

---

[5] The court's scheduling order permitted Ms. Hoeft to file a written response with evidence as appropriate by May 7, 2024 and for Debtor to file an opposition by May 9, 2024. The order further stated: "Plaintiff's reply to Defendant's opposition may be presented orally at the hearing."

[6] Because the court dismissed the adversary complaint for failure to prosecute, it also evaluated the Motion to Vacate under the standard for setting aside a default judgment. It applied the factors outlined in *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984), and concluded that Ms. Hoeft did not satisfy the *Falk* factors because her conduct was culpable, her claims were questionably meritorious, and vacating the dismissal would prejudice Debtor. Though we evaluate the denial of the Motion to Vacate and the motion for reconsideration under Civil Rules 59 and 60(b), we find no error in the court's application of the *Falk* factors.

court documents and orders, and she provided no evidence to support her allegations that her medical issues caused her not to comply.

Ms. Hoeft filed a timely notice of appeal and a motion for reconsideration, largely questioning factual findings in the court's tentative decision attached to its order denying her motion to vacate the dismissal. The court reasoned that the alleged factual errors either were not relevant to its basis for denying the motion to vacate or were supported by the record and not erroneous. The court entered an order denying the motion for reconsideration and Ms. Hoeft timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.[7]

---

[7] Debtor filed a motion to dismiss these appeals as moot because Ms. Hoeft did not appeal the dismissal order and the deadline to file a nondischargeability complaint expired on October 23, 2023. We cannot exercise jurisdiction over a moot appeal. *I.R.S. v. Pattullo (In re Pattullo)*, 271 F.3d 898, 900 (9th Cir. 2001). The test for mootness is whether an appellate court can give the appellant effective relief if it decides the merits in her favor. *Pilate v. Burrell (In re Burrell)*, 415 F.3d 994, 998 (9th Cir. 2005).

Ms. Hoeft timely appealed the denial of the Motion to Vacate. If we were to decide the merits of that appeal in her favor, we would effectively vacate the dismissal order and reinstate the adversary proceeding. Thus, we could give Ms. Hoeft relief, and the appeals are not moot. The motion to dismiss is DENIED.

## ISSUES

Did the bankruptcy court abuse its discretion by denying the Motion to Vacate?

Did the bankruptcy court abuse its discretion by denying the motion for reconsideration?

## STANDARD OF REVIEW

We treat the Motion to Vacate as a motion for reconsideration, the denial of which we review for abuse of discretion. *Weiner v. Perry, Settles & Lawson, Inc. (In re Weiner)*, 161 F.3d 1216, 1217 (9th Cir. 1998).

We apply a two-step test to determine whether the bankruptcy court abused its discretion. *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 611 (9th Cir. BAP 2014) (citation omitted). First, we consider de novo whether the bankruptcy court applied the correct legal standard to the requested relief. *Id.* Then we review the bankruptcy court's factual findings for clear error. *Id.* Factual findings are clearly erroneous if they are illogical, implausible, or without support in the record. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010).

## DISCUSSION

Ms. Hoeft argues that the court erred by denying both motions because her mistaken understanding that she had complied with service requirements and was not required to appear at the February 20, 2024 hearing was inadvertent and the product of excusable neglect. She contends that the bankruptcy court did not consider her disabilities, and it

8

should have given her another chance because she has valid claims against Debtor and he will not be prejudiced by vacating the dismissal.

## A.   Legal standards

Because Ms. Hoeft sought reconsideration of the dismissal order, and she filed the Motion to Vacate within fourteen days of dismissal, the bankruptcy court properly evaluated it under the standards of Civil Rule 59(e) and Civil Rule 60(b). *See Demos v. Brown (In re Graves)*, 279 B.R. 266, 275 (9th Cir. BAP 2002) ("[A] Civil Rule 60(b) motion that is filed within [fourteen] days after entry of the judgment may also be treated as a Civil Rule 59(e) motion. While Civil Rules 59(e) and 60(b) are distinct, serve different purposes, and have different standards that can yield different results, they overlap sufficiently with respect to various theories to permit such latitude." (citations omitted)).

Under Civil Rule 59(e), the court may alter or amend a judgment if it: "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Civil Rule 60(b), the bankruptcy court can relieve a party from a final order for the following reasons: (1) "mistake, inadvertence, surprise, or excusable neglect;" (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or

9

vacated; or applying it prospectively is no longer equitable;" or (6) "any other reason that justifies relief." These provisions are mutually exclusive. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988).

Ms. Hoeft argues only that she should be relieved from the judgment due to mistake, inadvertence or excusable neglect. Excusable neglect is also a ground for granting an untimely motion to extend a deadline under Rule 9006(b)(1). To determine excusable neglect, the bankruptcy court must apply the equitable analysis set forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). The court must consider relevant circumstances surrounding the party's omission, including: (1) the danger of prejudice to other parties; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the party seeking to be excused from neglect acted in good faith. *Id.* at 395; *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381–82 (9th Cir. 1997) (holding that the *Pioneer* test applies to motions for relief under Civil Rule 60(b)).

**B.    The bankruptcy court did not abuse its discretion by denying the Motion to Vacate.**

Ms. Hoeft's primary argument is that she mistakenly believed she did not need to attend the February 20, 2024 hearing based on Ms. Shields's misunderstanding of court rules and orders. But regardless of her failure to

appear at that status hearing, the bankruptcy court issued the Service Order, which extended the deadline for service and required Ms. Hoeft to obtain a new summons and file proof of service by March 5, 2024. On appeal, she does not clearly explain why she failed to comply with the Service Order and serve Debtor with the complaint and new summons by the extended deadline.

The Service Order was mailed to Ms. Hoeft by first class mail. The proof of service on the record does not indicate that it was returned as undeliverable or unclaimed. Mail that is properly stamped, addressed, and deposited is presumed to be received by the addressee. *Moody v. Bucknum (In re Bucknum)*, 951 F.2d 204, 207 (9th Cir. 1991) (citation omitted). The movant can rebut this presumption with clear and convincing evidence. *Id.* But the movant must provide something more than a declaration alleging non-receipt. *Herndon v. De la Cruz (In re De la Cruz)*, 176 B.R. 19, 22 (9th Cir. BAP 1994).

Ms. Hoeft claims that she did not receive the Service Order or that her disabilities contributed to her not seeing it. She contends that she had little reason to check her mail because she paid her bills online and had no expectation that the court would send orders by mail. And she argues that her disabilities caused her to be too emotionally and physically weak to check her mail.

As the bankruptcy court noted, Ms. Hoeft was served multiple times by mail and email with Debtor's motion to dismiss and the order setting

11

the February 20, 2024 hearing. She offered no explanation why she would not have received the email notice, and Debtor's attorney provided a declaration stating that he received three responsive emails from her pertaining to the substance of the order. We agree with the bankruptcy court that it is not plausible that Ms. Hoeft did not receive any of those served copies, any one of which would have alerted her that she was failing to prosecute the adversary proceeding.

We also agree with the bankruptcy court that it was not sufficient for Ms. Hoeft to have relied on Ms. Shields's perfunctory search of tentative rulings, or her purported misunderstanding of the court's directions related to another matter, while completely ignoring mailed documents. Ms. Hoeft did not explain why, if she was physically or mentally unable to check her own mail, she did not arrange for someone to check it for her or to frequently check the online docket for new motions, orders, or other activity.

We disagree with Ms. Hoeft's contention that the bankruptcy court did not consider her disabilities. Although the record does not indicate any request for accommodations, it does evidence numerous acts of leniency by the bankruptcy court. The court acted on its own to stay the motion to dismiss while it set a hearing to consider extending the service deadline. It then granted additional time for Ms. Hoeft to accomplish service despite her failure to appear at the hearing, and it gave her multiple opportunities

12

to establish excusable neglect or explain why she disregarded the Service Order.

While we are cognizant of the difficulties of prosecuting an adversary proceeding without an attorney, and of the additional burdens presented by her disabilities, Ms. Hoeft did not show that her repeated failures to attend hearings or comply with the Service Order were the result of mistake, inadvertence, or excusable neglect. The bankruptcy court correctly applied the law, and its factual determinations are not clearly erroneous.

## C. The bankruptcy court did not abuse its discretion by denying the motion for reconsideration.

Ms. Hoeft does not clearly articulate why the bankruptcy court erred by denying her motion for reconsideration, and we discern no error. In the motion for reconsideration, Ms. Hoeft asserted that the court made mistakes of fact, but she referenced inconsequential issues such as the value she attributed to her personal injury claim, the title of a previously entered stay relief order, or the docket numbers cited for proofs of service. None of these purported factual mistakes are relevant to the basis of the court's decision to deny the Motion to Vacate.

Ms. Hoeft argued that she relied on Ms. Shields's belief that she did not need to obtain a new summons, and she argued that she made a good faith attempt to explain her absence. But a party may not use a Civil Rule 59(e) motion to present a new legal theory for the first time, to raise legal arguments which could have been made in connection with the original

motion, or to rehash the same arguments already presented. *In re JSJF Corp.* 344 B.R. at 103.

Ms. Hoeft does not demonstrate an abuse of discretion by the bankruptcy court in denying her motion for reconsideration.

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's orders denying the Motion to Vacate and the motion for reconsideration.